**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EUGENE KELTNER,

                Petitioner,

      v.                        CASE NO.  12-3200-SAC

STATE OF KANSAS,

                Respondent.

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Petitioner has also filed an Application to Proceed without Fees along with some of the financial information in support that is required by statute.  Though no balances are provided, it appears that petitioner's motion should be granted.

Mr. Keltner was convicted of involuntary manslaughter and aggravated robbery upon his plea of guilty in Wyandotte County District Court and was sentenced on August 4, 2005.  He moved to withdraw his plea before sentencing, and appealed the court's denial of that motion to the Kansas Court of Appeals (KCA).  The KCA affirmed, and the Kansas Supreme Court (KSC) denied his petition for review on September 27, 2007.  *See Keltner v. State*, 231 P.2d 588, *1-*2, 2010 WL 2348690 (Kan.App. June 4, 2010).

1

On December 20, 2007, Keltner filed a motion pursuant to K.S.A. 60-1507 again claiming ineffective assistance of counsel. *Id.* at *2.  On June 2, 2008, he voluntarily dismissed this motion before it was decided by the trial court.  *Id.*

On August 25, 2008, Mr. Keltner filed a state post-conviction motion pursuant to K.S.A. 60-1507 that was denied. He appealed to the KCA, which affirmed.  The KSC denied review. Petitioner alleges that review was denied on June 4, 2010. However, the court takes judicial notice of Kansas appellate court records available on-line, which indicate that the KCA issued its opinion in this collateral appeal on June 4, 2010; and that Mr. Keltner then filed a petition for review, which was denied by the KSC on September 21, 2011.

The instant federal petition was executed on September 14, 2012.

As grounds for his federal petition, Mr. Keltner claims that his counsel was ineffective in advising him regarding his prior criminal history and its impact upon his sentencing.  He makes many additional allegations in his "Attachment" that might be read as challenges to his plea and to his sentence, including a claim under *Apprendi*.  However, ineffective assistance of counsel is the only ground set forth in the petition. Petitioner seeks either a corrected sentence or new trial.

From the face of this federal habeas petition it appears

that Mr. Keltner's challenges to these particular convictions or sentence are barred by the statute of limitations. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides however for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

Applying the applicable statutory provisions to the facts of this case, the court makes the following tentative findings. Petitioner's conviction "became final" for limitations purposes on December 27, 2007, which was ninety days after his direct appeal was completed.[1] However, it was immediately tolled by Mr. Keltner's first post-conviction motion filed on December 20, 2007. When this motion was voluntarily dismissed on June 2, 2008, the federal statute of limitations began to run the next

---

[1] The 90 days is added because it is the time in which a defendant could have filed a petition for writ of certiorari in the U.S. Supreme Court.

day and continued to run until Mr. Keltner filed his 60-1507 motion on August 25, 2008. As a result, 84 days of the one-year limitations period expired before it was tolled by Keltner's filing of his second 60-1507 motion. The statute of limitations continued to be tolled until the collateral proceedings on this motion were completed, which was on September 21, 2011.

The following day the federal statute of limitations recommenced with 272 days remaining. It continued to run without interruption until it expired on or about June 20, 2012. It thus appears that this federal petition was filed two months and three weeks after the limitations period expired.

Mr. Keltner did not respond to the question on timeliness in his form petition. He is given the opportunity to file a Response to this Order that disputes the foregoing tentative facts or shows that he is entitled to either additional statutory tolling or to equitable tolling[2] and that his federal

---

[2]   "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999)). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Complaints about unfamiliarity with the legal process

petition should not be dismissed as time-barred.  If he fails to show good cause within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred by the statute of limitations.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

and illiteracy have been found to provide no basis for equitable tolling. See Hallcy v. Milyard, 387 Fed. Appx. 858 (10th Cir. 2010)(professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling)(unpublished and cited for persuasive reasoning only); accord Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting Wallace v. Kato, 549 U.S. 384, 396 (2007)); Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808; see Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995)(stating that a petitioner's "assertions he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar).